IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS P. HALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | CIVIL ACTION NO. 1:04-cv-633-B<br>[wo] |

**ORDER ON MOTION**

On September 26, 2005, this court entered a *Final Judgment* remanding this case to the Commissioner of Social Security for further proceedings pursuant to *sentence four* of 42 U.S.C. §405(g). (Docs. 18 and 19). Submitted now is the Plaintiff's uncontested[1] *Petition for Attorney Fees* filed with a supporting brief and other documentation on December 12, 2005 (Docs. 20, 21, 22 and 23).

Pursuant to the Equal Access to Justice Act, 28 U.S.C.§2412, Plaintiff seeks a total award of *$3,819.33* itemized as follows: $386.71 for attorney's fees to counsel of record, Georgia Ludlum, at an hourly rate of $151.65.[2] ; $143.64 for attorney fees to counsel of

---

[1] The Commissioner "does not contest the award of attorney fees under the Equal Access to Justice Act". The Commissioner "agrees Plaintiff should be compensated for the filing fee of $150.00" and properly notes that such is not an expense but rather a cost payable from the Judgment Fund administered by the United States Treasury. Thus, the Commissioner "requests that the court enter an order awarding fees of $3,669.33 and costs of $150.00." *(Defendant's Response*, Doc. 25, filed Dec. 22, 2005).

[2] Plaintiff's fee itemization reflects a total of 2.55 hours of services rendered between June 24, 2004 and December 22, 2004. (Doc. 23).

record, Georgia Ludlum, at an hourly rate of 159.60;[3] $2,229.26 for attorney's fees to Chantel J. Harrington, at an hourly rate of $151.65;[4] $590.52 for attorney's fees to Chantel J. Harrington, at an hourly rate of $159.60;[5] $319.20 for attorney's fees to Sarah H. Bohr, at an hourly rate of $159.60;[6] and $150.00 as costs for filing fees. The court finds that Plaintiff's motion is timely filed and that he is a "prevailing party" within the meaning of 28 U.S.C. §2412(d)(1)(A), in that pursuant to the *Order* and *Judgment* filed September 26, 2005 the court remanded this case for further consideration pursuant to *sentence four* of 42 U.S.C. §405(g). Plaintiff has documented increases in the consumer price index which authorize an increase from the $125 hourly fee specified in the EAJA to the requested hourly rate as an adjustment for inflation. Plaintiff's requested hourly rate is reasonable as are the hours expended for legal representation. Plaintiff's claim for costs is also reasonable.

Accordingly, it is the **ORDER, JUDGMENT, and DECREE** of this court that the *Plaintiff's Petition for Attorney Fees* (Doc. 20) is **GRANTED** as follows:

1. Plaintiff's petition for an award of attorney's fees is GRANTED in the total amount of $3,669.33; and

---

[3] Plaintiff's fee itemization reflects a total of 0.9 hours of services rendered between January 14, 2005 and November 18, 2005. (Doc. 23).

[4] Plaintiff's fee itemization reflects a total of 14.7 hours of services rendered between November 14, 2004 and November 16, 2004. (Doc. 22).

[5] Plaintiff's fee itemization reflects a total of 3.7 hours of services rendered between January 31, 2005 and September 27, 2005. (Doc. 22).

[6] Plaintiff's fee itemization reflects a total of 2.0 hours of services rendered on December 6, 2005. (Doc. 22).

2.     Plaintiff's petition for reimbursement of the filing fee is GRANTED in the total amount of $150.00 as a judgment for costs.

DONE this 28th day of December, 2005.

                                        /s/ Delores R. Boyd
                                        DELORES R. BOYD
                                        UNITED  STATES  MAGISTRATE  JUDGE